UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PHILLIP LASTER, SR., AND ASHANTA LASTER                                PLAINTIFFS

V.                                                    CIVIL ACTION NO. 3:24-CV-20-CWR-ASH

RANKIN COUNTY SCHOOL DISTRICT, ET AL.                                  DEFENDANTS

ORDER

Plaintiffs filed this lawsuit against the Rankin County School District on January 11, 2024. After RCSD filed its answer, the Court held a telephonic case management conference and entered a Case Management Order [11]. That Order set a May 16, 2024 deadline for motions to join parties and file amended pleadings. On May 16, 2024, Plaintiffs filed an Amended Complaint adding as Defendants Steven Bush, Elite Physical Therapy P.A., and Upstream Rehabilitation, Inc. Plaintiffs' filing of the Amended Complaint was appropriate under Federal Rule of Civil Procedure 15(a)(2) as they had obtained RCSD's written consent. Am. Compl. [13] at 1 n.1; *see* Fed. R. Civ. P. 15(a)(2) (explaining that party may amend pleading "with the opposing party's written consent or the court's leave").

On July 2, 2024—a month and a half after the deadline for motions to amend the pleadings and join parties—Plaintiffs filed a Second Amended Complaint [22]. They again claim a right to amend under Rule 15(a)(2) without obtaining leave of Court because Defendants "have provided written consent to this amendment." Am. Compl. [22] at 1 n.2.

"Ordinarily, it is true that [Rule] 15(a)(2) permits a party to amend its pleading before trial with 'the opposing party's written consent[.]'" *Great Lakes Ins. SE v. Sea 21-21 LLC*, No. 20-22865, 2021 WL 8875537, at *1 (S.D. Fla. June 22, 2021) (quoting Fed. R. Civ. P. 15(a)(2)). But "when a party seeks to amend a pleading 'after the scheduling order's deadline,' as is the

case here, [he] 'must first demonstrate good cause under Rule 16(b) before [the Court] will consider whether amendment is proper under Rule 15(a).'" *Id.* (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)); *see also id.* ("Plaintiff's amendment, however, is governed by Federal Rule of Civil Procedure 16(b)(4)'s 'good cause' standard, not Defendant's consent." (quoting Fed. R. Civ. P. 16(b)(4)); *id.* at *2 (striking amended complaint filed with defendant's consent but after the deadline to amend had expired). The Fifth Circuit has "ma[d]e clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003); *accord Banks v. Spence*, --- F.4th ----, No. 22-11252, 2024 WL 3170411, at *1 n.1 (5th Cir. June 26, 2024) (reemphasizing the point from *S&W Enterprises*). The party seeking untimely leave to amend bears the burden to demonstrate good cause, and neither consent nor absence of opposition obviates the need to satisfy Rule 16(b)(4) and its appliable factors. *See Tabor v. Cox Operating, L.L.C.*, No. 19-11859, 2022 WL 1120074, at *2 (E.D. La. Apr. 14, 2022) (denying motion to continue despite it being unopposed); *Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 493 (S.D. Tex. 2009) ("Mere stipulations by the parties do not constitute good cause.").

Before Plaintiffs may amend their Complaint, they must first seek leave to modify the scheduling order under Federal Rule of Civil Procedure 16(b)(4). Because they failed to do so, their Second Amended Complaint [22] is hereby stricken.

**SO ORDERED AND ADJUDGED** this the 3rd day of July, 2024.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE